**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GE COMMERCIAL DISTRIBUTION
FINANCE CORPORATION, a
Delaware corporation,

    Plaintiff,

v.                                             Case No.  3:14-cv-1203-J-34PDB

NORTH FLORIDA CYCLES, LLC, a
Florida limited liability company,

    Defendant.
_____/

**ORDER TO ISSUE AMENDED PRE-JUDGMENT WRIT OF REPLEVIN**

**THIS CAUSE** came before the Court on Plaintiff's Emergency Motion and Memorandum of Law for Amended Writ of Replevin and Break Authority Without Notice (Doc. No. 19; Emergency Motion) filed on October 15, 2014.  In support of the Motion, Plaintiff filed the Affidavit of Tim Kincade in Support of Plaintiff's Emergency Motion and Memorandum of Law for Amended Writ of Replevin and Break Authority (Doc. No. 20; Kincade Affidavit) dated October 15, 2014.  In the Motion, Plaintiff seeks an order directing the Clerk of Court to issue an amended writ of replevin to authorize the Sheriff of St. Johns County as well as the Federal Marshal to execute the writ, to include two additional locations at which the proper authorities may replevy property, and to authorize the authorities to use such force as is necessary to effectuate the writ, including forcible breaking or opening of doors, windows, or locks.  See generally Motion.  Upon review of the foregoing, the Court finds:

1.    On October 10, 2014, the Court entered its Order to Issue Pre-Judgment Writ of Replevin (Doc. No. 16; Order to Issue Writ) granting the Motion and Memorandum of

1

Law by GE Commercial Distribution Finance Corporation for Order to Issue Pre-Judgment Writ of Replevin Without Notice (Doc. No. 5; Previous Motion). In its Order to Issue Writ, the Court found that Plaintiff satisfied the requirements under Florida law for the entry of a Prejudgment Writ of Replevin. See Order to Issue Writ at 5-7. The Court further directed the Clerk of the Court to "issue a Writ of Replevin directing the United States Marshal or the Florida Sheriffs to forthwith replevy from Defendant, North Florida Cycles, LLC ("Defendant"), certain personal property as may be pointed out by Plaintiff or Plaintiff's agent and described in Exhibit 1. . . ." Order to Issue Writ at 2. However, the Writ of Replevin (Doc. No. 18; Writ) which issued is directed only to "Any United States Marshal." Writ at 1. Thus, an amended Writ which is directed to "Any United States Marshal or Any Florida Sheriff" should be issued.

2.   In the Previous Motion and supporting affidavit, Plaintiff represented, to the best of its knowledge, that the property in which it had a security interest as listed in Exhibit 1 ("Inventory") was located at Defendant's principal place of business, 1860 N. Ponce de Leon Blvd, St. Augustine, FL, 32081 ("Principal Location"). See Affidavit of Timothy Hoffman in Support of Plaintiff's Complaint and Motions to Issue Writ of Replevin, Temporary Restraining Order, and Preliminary Injunction (Doc. No. 2-4; Hoffman Affidavit) ¶ 27; Kincade Affidavit ¶ 5. In the instant Emergency Motion, Plaintiff identifies two additional locations at which the Inventory may also be located: (1) 160 San Marco Ave. St. Augustine, Florida 32081, Defendant's offices and service building ("Service Location"); and (2) 7000 US Highway 1 North, St. Augustine, Florida 32095, Defendant's warehouse ("Warehouse Location"). Emergency Motion at 3; Kincade Affidavit ¶ 6. Based on the supplemental information, the Writ should be amended to include the additional locations.

3. Pursuant to Florida Statutes section 78.10, "Florida law expressly requires the Court, upon a showing of probable case, to enter a break order, 'directing the sheriff to enter physically any dwelling house or other building or enclosure' for the purpose of executing a writ of replevin." Textron Fin. Corp. v. Unique Marine, Inc., No. 08-10082-CIV, 2008 WL 4716965, at *3 (S.D. Fla. Oct. 22, 2008) (quoting Fla. Stat. § 78.10)).

4. Notably, Plaintiff avers that at the last audit Plaintiff conducted on October 10, 2014, "a substantial amount of the Inventory is located in the Warehouse, an unmanned facility, with the remaining Inventory scattered among [the Service and Warehouse Locations] and the parking lot at the Principal Location. Kincade Affidavit ¶ 9. All three locations where the Inventory may be found—the Principal Location (including its indoor showroom, parking lot, and small warehouse), the Service Location, and the Warehouse location, are capable of being locked. Kincade Affidavit ¶¶ 5-6. Without the authority to break locks or use other means to enter the enclosures, the Marshal or Sheriff executing the writ will not be able to gain access to the Inventory. Moreover, the Service Location and the Warehouse Location "are enclosed structures and generally conceal the Inventory from sight or prevent access without permitted entry by the Defendant or its agents." Kincade Affidavit ¶ 7. Without either Defendant's cooperation or authorization to break into these enclosures, the Marshal or the Sheriff will be unable to effectuate the Writ. Id. ¶ 8.

5. In light of the foregoing, the Court finds that Plaintiff has established probable cause to believe that, during the time the writs are executed, Defendant's business premises will be inaccessible due to locks or other impediments and it will be necessary for the Marshal or the Florida Sheriff to hire a locksmith to remove such impediments. See Textron, 2008 WL 4716965, at *7. Plaintiff has agreed to bear the cost "incurred by

the Federal Marshal or Sheriff of St. Johns County in obtaining the locksmith and obtaining access to the premises, removing the Inventory from the premises and relocking and restoring the premises." Emergency Motion at 4.  Accordingly, it is

**ORDERED and ADJUDGED:**

1. Plaintiff's Emergency Motion and Memorandum of Law for Amended Writ of Replevin and Break Authority Without Notice (Doc. No. 19), to the extent it seeks an Amended Pre-Judgment Writ of Replevin, is **GRANTED** as follows.

2. The Clerk of this Court shall issue an Amended Writ of Replevin directing any United States Marshal <u>or</u> Florida Sheriff to forthwith replevy from Defendant, NORTH FLORIDA CYCLES, LLC ("Defendant"), certain personal property as may be pointed out by Plaintiff or Plaintiff's agent and described in Exhibit 1 attached hereto, whether now owned or hereafter acquired, and all identifiable proceeds of the foregoing (the "Collateral"), to the extent such personal property and identifiable proceeds are physically located at the following locations of Defendant: (1) 1860 N. Ponce de Leon Blvd, St. Augustine, Florida 32084; (2) 160 San Marco Ave. St. Augustine, Florida 32084; and (3) 7000 US Highway 1 North, St. Augustine, Florida 32095, and to deliver the same to Plaintiff, GE Commercial Distribution Finance Corporation.

3. If the Collateral is not at the locations described or listed above, the Defendant is hereby required to disclose to the United States Marshal or Florida Sheriff the location of all of the Collateral.

4. The Court will enter a separate Break Order forthwith to be used as necessary if Defendant does not permit access to the listed locations to execute the Amended Writ.

5. Defendant may obtain release of the seized property under the Amended Writ by posting bond within 5 days after serving of the Amended Writ in the amount of 1 ¼ of the amount due and owing on the Amended and Restated Inventory Financing Agreement for the satisfaction of any judgment which may be entered against Defendant. Alternatively, Defendant, by motion filed within 10 days after service of the Amended Writ, may seek the dissolution of the Amended Writ. Upon filing of such a motion, the Court will set it for a hearing as soon as practicable.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of October, 2014.

MARCIA MORALES HOWARD
United States District Judge

lc16
Copies to:

Counsel of Record
Pro Se Parties